UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ANDRES E. TORO,                    ,            Index No. 18-cv-3906

              Plaintiff,                        **COMPLAINT**

    -against-

GRAPHIC COMMUNICATIONS
HOLDINGS, INC.,

              Defendant.
--------------------------------------------------------X

      The Plaintiff, Andres E. Toro, by and through his attorneys, Tuttle Yick, LLP and in support of his Complaint against the Defendant, Graphic Communications Holdings, Inc., states as follows:

### Nature of the Action

    1.    This action arises from the Defendant's failure to pay Plaintiff commission compensation for sales and business generated by him of Defendant's products and services, pursuant to a written agreement.

### Jurisdiction and Venue

    2.    The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332.

    3.    Venue in this Court is proper pursuant to paragraph 9.4 of the Third Amended and Restated Employment Agreement (the "Employment Agreement"), attached as Exhibit 1.

### The Parties

    4.    At all times hereinafter mentioned, the Plaintiff was, and still is, a resident of Florida.

112782.v6

5. Upon information and belief, at all times hereinafter mentioned, the Defendant was, and still is, a California corporation that does business in New York by soliciting and selling paper, paper-related and packaging products, and logistics services and products, to customers across the United States.

## COUNT I
### (Breach of Contract)

6. On or about January 25, 2013, Plaintiff and Defendant entered into the Employment Agreement, which amended and restated a Second Amended and Restated Employment Agreement ("Second Agreement"), dated as of February 17, 2011.

7. Pursuant to paragraph 9.4 of the Agreement, this action is governed by the law of New York and jurisdiction and venue lie in the state or federal courts of New York.

8. Under the Agreement and the Second Agreement, Defendant was obligated to pay Plaintiff a commission based upon business, sales and profits generated by Plaintiff up to the date of Plaintiff's termination of employment with Defendant.

9. Plaintiff's employment with Defendant was terminated on or about May 5, 2014.

10. Defendant has breached the Agreement and the Second Agreement by failing to account for and pay Plaintiff the commissions earned by him to the date of his termination.

11. Upon information and belief, under the Agreement and the Second Agreement, Plaintiff is entitled to commissions for business, sales and profits generated by him for the years 2012, 2013 and through May 5, 2014.  The customers for which he is owed commissions includes, but is not limited to: 7-11; Dick's; Home Depot; Office Depot; Dillards; Freed's; Old Time Pottery; Sports Authority; Bass Pro; Universal Studios. Upon information and belief, there are other customers for which Plaintiff is entitled to a commission, but Plaintiff's computer was taken away by Defendant and Plaintiff has been locked out of access to Defendant's sales and accounting

112782.v6

systems in order to identity those customers and is unable to determine the exact sales, business and profits and therefore amount of commissions owed for 2012, 2013 and until May 5, 2014.

12. Plaintiff has performed all conditions precedent to this action, or they have occurred or have been excused or waived.

13. As a result, Plaintiff has been damaged in an amount believed to be in excess of $1,000,000, together with interest.

14. Pursuant to paragraph 9.18 of the Agreement, Plaintiff is also entitled to costs and reasonable attorneys fees.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

    a) On Count I for breach of contract, in excess of $1,000,000, plus interest;

    b) An award in favor of Plaintiff for Plaintiff's costs and attorneys fees; and

    c) For such other and further relief as this Court deems just and proper.

112782.v6

Dated: May 1, 2018.
New York, New York

TUTTLE YICK LLP

By: _____
Gregory O. Tuttle (#2387)
220 E. 42nd Street, 29th Floor
New York, New York
10017 646-493-9258

| | |
|---|---|
| CLYATT, RICHARDSON & RYAN, P.A. | LAW OFFICES OF KEVIN E. O'REILLY |
| Co-Counsel for Plaintiff | Co-Counsel for Plaintiff |
| | |
| */s/ Kevin F. Richardson* | */s/ Kevin E. O'Reilly* |
| KEVIN F. RICHARDSON, ESQ. | KEVIN E. O'REILLY, ESQ. |
| Florida Bar No. 329185 | Florida Bar No. 97488 |
| CHRISTOPHER J. RYAN, ESQ. | 1401 Forum Way, Suite 720 |
| Florida Bar No.: 99131 | West Palm Beach, FL 33401 |
| 1401 Forum Way, Suite 720 | (561) 471-9600 Phone |
| West Palm Beach, FL 33401 | (561) 471-9655 Fax |
| (561) 471-9600 Phone | |
| (561) 471-9655 Fax | |

112782.v6